# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1462
_____

United States of America

*Plaintiff - Appellee*

v.

Patricia Ashton Derges

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: February 4, 2025
Filed: February 10, 2025
[Unpublished]
_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Patricia Derges, who was counseled below but is now proceeding pro se, appeals after a jury convicted her of wire fraud, unlawfully issuing prescriptions, and

making false statements, and the district court[1] sentenced her to 75 months in prison and ordered her to pay $500,600.54 in restitution. On appeal, Derges challenges her conviction and the restitution amount.

Upon careful review, we conclude that the evidence presented at trial was sufficient to support Derges's convictions. *See United States v. Timlick*, 481 F.3d 1080, 1082 (8th Cir. 2007) (reviewing the sufficiency of evidence to sustain conviction de novo). The government presented adequate evidence that she committed wire fraud by deliberately misleading patients into believing that her amniotic fluid treatments contained stem cells and by providing false information to secure a CARES Act grant; that she prescribed controlled substances without examining patients in person and did not qualify for any exception to the in-person examination requirement; and that she made false statements to the investigating agents when she told them that the amniotic fluid contained stem cells and that she had never used amniotic fluid to treat urinary incontinence. *See United States v. Spears*, 454 F.3d 830, 832 (8th Cir. 2006) (holding that the appellate court does not weigh evidence or assess the credibility of witnesses; examining evidence in light most favorable to the verdict and accepting all reasonable inferences which tend to support the jury verdict; appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt).

We also conclude that the district court did not plainly err in ordering restitution of the full amount of loss sustained by Greene County and Derges's patients. Although the majority of the CARES Act funds had been forfeited to the federal government, the forfeiture did not affect Derges's restitution obligation to Greene County, and her patients constituted victims because they were misled by her representations that they were receiving stem cells. *See* 18 U.S.C. § 3663A(a)(2) (a

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

victim is a person directly and proximately harmed as a result of the commission of the offense or the defendant's criminal conduct in the course of a scheme); *United States v. Louper-Morris*, 672 F.3d 539, 566 (8th Cir. 2012) (reviewing unobjected-to restitution award for plain error; noting that Mandatory Victims Restitution Act (MVRA) requires individuals convicted of wire fraud to pay restitution to their victims); *United States v. McCracken*, 487 F.3d 1125, 1129 (8th Cir. 2007) (holding that district court has no discretion to adjust the total restitution due to the victim based on funds held by law enforcement).

Accordingly, we deny Derges's pending motions and affirm.

_____